IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JANE DOE,[1]                            )
                                        )
       Plaintiff,              )
                                        )
v.                                      )   Case No. CIV-14-1100-D
                                        )
LORETTA E. LYNCH,[2] U.S. Attorney      )
General, *et al.*,                      )
                                        )
       Defendants.             )

## **O R D E R**

Before the Court is the Federal Defendants' Motion to Dismiss [Doc. No. 31], filed by former United States Attorney General, Eric Holder;[3] James B. Comey, Director, Federal Bureau of Investigation; Chuck Hagel, (former) Secretary of Defense; Frank J. Grass, Chief, National Guard Bureau; Joni Ernst, Lieutenant Colonel, Iowa National Guard (now United States Senator for Iowa); John M. McHugh, Secretary of the Army; Thomas Hawley, Deputy Under Secretary of the Army; Larry Stubblefield, Deputy Assistant Secretary of the Army

---

[1] With the Clerk's permission, Plaintiff filed a "Jane Doe" pleading and redacted her true name from supporting documents. The unredacted Complaint appears in the record as a sealed filing [Doc. No. 28].

[2] The Complaint names as a defendant "Eric Holder, U.S. Attorney General." However, Mr. Holder is not mentioned in the body of the Complaint, and statements in Plaintiff's *pro se* filings indicate he was named as a defendant in his official capacity as United States Attorney General and head of the Department of Justice. *See* Pl.'s Resp. Br. [Doc. No. 34], p.7 (ECF numbering) ("Jane Doe was not aware that she was personally suing anyone. On page 1 of [the] complaint Jane Doe listed each defendant with their respective title; had Jane Doe wrote [sic] just the name then it would be sued in their Individual capacity vs Official capacity."). Because Plaintiff intended to sue Mr. Holder's office rather than his person, his successor as Attorney General, Loretta E. Lynch, is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

[3] The Motion was filed prior to the appointment and substitution of his successor. *See* note 2 *supra*.

for Diversity and Leadership;[4] and Mark S. Inch, identified as "CID Commanding General" due to his position as Commanding General of the Army's Criminal Investigation Command, commonly referred to as CID. *See* Compl. [Doc. No. 1], p.1 (ECF numbering). Other named defendants include Terry Branstad, Governor of Iowa, and Timothy Orr, Major General, Iowa National Guard.[5] The moving defendants (hereafter, the "Federal Defendants") seek dismissal of the action pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). Plaintiff Jane Doe, who appears *pro se*, has responded in opposition to the Motion, which is fully briefed.

Plaintiff's Complaint contains numerous factual allegations, refers generally to 200 pages of attached documents and records, and raises myriad issues; the legal claims are difficult to discern. Plaintiff first complains that Messrs. Stubblefield and Hawley contacted her in March 2014 regarding a 10-year-old rape case related to her military service in Kuwait, and promised to assist her in reopening the case, but failed to carry through with their promises. *See* Compl., pp.2-3. Plaintiff next complains that all defendants, particularly Sen. Ernst, defamed and slandered Plaintiff by providing false information regarding her and her alleged attacker for a news article published in The Des Moines Register in August 2014. *Id.*, pp. 3-4. Plaintiff complains that Sen. Ernst misrepresented her own actions, "downplayed her role in the investigation," campaigned in uniform for a Senate seat in violation of federal regulations, and "knowing[ly] lied to media to further her political agenda." *Id.*, pp.4-5

---

[4] Incorrectly identified by Plaintiff as "Undersecretary of the Army for Diversity and Leadership."

[5] Gen. Orr is The Adjutant General of Iowa.

(¶¶ b-c, e, g). Plaintiff complains of unspecified violations of military rules and due process by Chief Grass, Gov. Branstad, Gen. Orr, Sen. Ernst, Secy. McHugh, and Mssrs. Hawley, Stubblefield and Inch; and a failure to follow regulations by the National Guard Bureau, Gen. Orr, Sen. Ernst, and Former Secy. Hagel. *Id.*, pp.4, 5 (¶¶ a, f). Plaintiff claims under 42 U.S.C. § 1983 that her civil rights were violated by the National Guard Bureau acting in concert with the Department of the Army, Department of Justice, FBI, Former Secy. Hagel, Chief Grass, Gov. Branstad, Gen. Orr, Sen. Ernst, and Mssrs. Hawley and Stubblefield, in that they "facilitated a sexual assault by knowing that these men [the attacker and witnesses] should not be serving in the Iowa National Guard [but] did serve." *Id.*, p.5 (¶ g).

Plaintiff alleges the failure to reopen the rape case was unjust because it leaves in place an unfounded charge against her for making a false statement and contravenes the current administration's pledge to help military rape victims; she lists a number of alleged flaws in the CID investigation of her sexual assault case. *Id.*, pp.5-8, 9-10. Plaintiff also alleges CID utilized coerced statements, improperly accessed photos on her camera, and otherwise violated her constitutional rights. *Id.*, pp.7-8. Finally, Plaintiff complains of unsuccessful efforts to correct her military records and obtain an "upgrade discharge," to receive an award of combat-related compensation, and to claim veteran's benefits. *Id.*, pp.9-10. At the conclusion of her Complaint, Plaintiff asks for relief under two jurisdictional statutes – 28 U.S.C. § 1331[6] (federal question) and 28 U.S.C. § 1631 (mandamus) – the

---

[6] This statute is mistakenly cited in Plaintiff's Complaint as "Title 28 section § 1131," which does not exist. Jurisdictional statutes confer power on federal district courts to hear certain actions; they do not
(continued...)

3

"Federal Tort Claims [Act,] breaking contract per Oklahoma law, [and] Title 42 [U.S.C.] § 1983." *Id*., p.11. Plaintiff prays for damages from various defendants for false arrest and destruction of personal property, libel and slander, violation of civil rights, and facilitation of rape. *Id*. pp.11-13. She also requests an upgraded military discharge, return of rank and lost pay, cancellation of debt, recognition of a service-related injury suffered in 2003, removal of certain information from "NCIC" or the FBI's National Crime Information Center, and veteran's benefits for educational and medical services. *Id*. pp.11-12.

The Federal Defendants assert that subject matter jurisdiction is lacking because: 1) Plaintiff's claims are incident to her military service and barred by the *Feres* doctrine, which precludes liability "for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service," *United States v. Feres*, 340 U.S. 135, 146 (1950); 2) any tort claim cognizable under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), and 2671-80, is barred by Plaintiff's failure to sue the proper defendant (the United States) and to comply with statutory preconditions to suit; 3) Plaintiff has failed to exhaust administrative remedies necessary to correct military and investigative records; and 4) veteran benefits decisions are reserved for the Secretary of Veterans Affairs.[7]

---

[6](...continued)
create substantive rights. *See*, *e.g.*, *United States v. Testan*, 424 U.S. 392, 398 (1976). "For a case to arise under federal law within the meaning of § 1331, the plaintiff's 'well-pleaded complaint' must establish one of two things: 'either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012) (quoting *Nicodemus v. Union Pac. Corp*., 440 F.3d 1227, 1232 (10th Cir. 2006)).

[7] They also assert that Plaintiff has already succeeded in obtaining an amendment of her military
(continued...)

Finally, the Federal Defendants contend the prolix Complaint fails to satisfy Fed. R. Civ. P. 8(a) and Plaintiff's use of a fictitious name prevents them from responding to and defending against her claims.[8]

**Standards of Decision**

"Motions to dismiss for lack of subject matter jurisdiction 'generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.'" *City of Albuquerque v. United States Dep't of Interior*, 379 F. 3d 901, 906 (10th Cir. 2004) (citing *Ruiz v. McDonnell*, 299 F. 3d 1173, 1180 (10th Cir. 2002)). Where "the movant goes beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends . . . , the court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence." *Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005); *see Holt v. United States*, 46 F. 3d 1000, 1002-03 (10th Cir. 1995). A court may consider such evidence without converting the motion to one for summary judgment under Rule 56, unless "the jurisdictional question is intertwined with the merits of the case." *Holt*,

---

[7](...continued)
discharge record so no issue regarding correction of her military records remains for decision. This assertion appears in argument in their briefs, without citation to the record, and is not adequately presented.

[8] The Federal Defendants also contend they were not properly served with process and thus jurisdiction over them is lacking. This contention implicates Rule 12(b)(5) – insufficient service of process – and Rule 12(b)(2) – lack of personal jurisdiction – neither of which are addressed in the Motion. Further, Plaintiff conducted additional mail service after the Motion was filed, which is not effectively addressed in the Federal Defendants' reply brief. Therefore, the Court does not reach this issue.

5

46 F. 3d at 1003; *see Sizova v. Nat'l Inst. Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002); *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000). The issues are considered to be intertwined for this purpose where "resolution of the jurisdictional question requires resolution of an aspect of the substantive claim." *Pringle*, 208 F.3d at 1223; *see Sizova*, 282 F.3d at 1324.

For the most part, the jurisdictional issues of sovereign immunity and waiver raised by the Federal Defendants in this case under Rule 12(b)(1) are not intertwined with the merits of Plaintiff's claims, and the Motion depends on the allegations of Plaintiff's Complaint and supporting materials. To this extent, the Motion need not be converted to one under Rule 56. In raising the *Feres* doctrine, however, the Motion "implicates merits issues" and should be "decided on summary judgment rather than as a 12(b)(1) motion to dismiss." *See Pringle*, 208 F.3d at 1223; *see also Gonzalez v. United States Air Force*, 88 F. App'x 371, 373 (10th Cir. 2004). Thus, the Court declines to reach the issue of whether Plaintiff's claims are barred by the *Feres* doctrine in ruling on the Rule 12(b)(1) Motion.[9]

The Federal Defendants also move for dismissal under Rule 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the

---

[9] Also, the Federal Defendants mistakenly move for dismissal of the case with prejudice to refiling. A dismissal for lack of jurisdiction must be without prejudice. *See Abernathy v. Wandes*, 713 F.3d 538, 558 (10th Cir. 2013).

6

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Thus, in assessing plausibility, a court should first disregard conclusory allegations and "next consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id*. at 681.

## Discussion

### A. Sovereign Immunity

As the Court's summary of the Complaint illustrates, the nature of Plaintiff's claims against the Federal Defendants is not entirely clear, but Plaintiff plainly seeks the recovery of damages in tort from certain defendants. The law is well established that federal officials are immune from tort liability for actions taken within the scope of their official duties, and the United States enjoys sovereign immunity unless it has consented to be sued. In response to the Federal Defendants' Motion, Plaintiff does not disagree with these principles and, in fact, indicates she intended to sue the Federal Defendants in their official capacities, which is why she named each defendant by including the title of his or her office. *See* note 2 *supra*. Plaintiff instead contends her action against the Federal Defendants should proceed as a suit for damages under the FTCA.[10] Plaintiff objects, however, to Sen. Ernst's inclusion among

---

[10] Substitution of the United States as the proper party is required only upon "certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the
(continued...)

7

the Federal Defendants because Plaintiff believes Sen. Ernst was a state actor during her tenure with the Iowa National Guard and at relevant times. *See* Pl.'s Resp. Br. [Doc. No. 34], pp.3-4.

First, as to the Federal Defendants generally, "'the terms of the [federal government's] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). "'Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed. The requirements are jurisdictional and cannot be waived.'" *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005) (quoting *Bradley v. United States ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991)). The FTCA's jurisdictional statute, 28 U.S.C. § 2675(a), "'requires that claims for damages against the government be presented to the appropriate federal agency by filing (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim.'" *Id.* (quoting *Bradley*, 951 F.2d at 270); *Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir. 1992). Here, the Federal Defendants assert that Plaintiff has not presented any administrative notice of a tort claim to date and any FTCA claim concerning events occurring in 2004 is long past due and "forever barred." *See* Fed. Defs.' Mot. Dism. [Doc. No. 31], p.10; *see also* 28 U.S.C. § 2401(b).

---

[10](...continued)
time of the incident out of which the claim arose," 28 U.S.C. § 2679(d)(1), or judicial determination of this issue. *See id.* § 2679(d)(3); *see also Salmon v. Schwarz*, 948 F.2d 1131, 1143 (10th Cir. 1991).

8

Plaintiff's response to this assertion focuses on the timeliness issue, arguing that the two-year time limit for notice imposed by § 2401(b) does not run from the date of injury but from "when the injury or injustice is learned." *See* Pl.'s Resp. Br. [Doc. No. 34], p.7. Plaintiff relies for administrative exhaustion on unspecified proceedings before the Army Board for Correction of Military Records (ABCMR) and CID, and she refers to documents accompanying her Complaint "starting on page 86 of court documents and ending on page 108" to establish she "did in fact exhaust her administrative remedies." *Id*.

Upon review of the written materials on which Plaintiff relies to establish notice of a tort claim to the appropriate federal agency, the Court finds that Plaintiff has failed to show the jurisdictional prerequisites to suit under the FTCA are satisfied. The documents cited by Plaintiff consist of two narrative statements. The first is a 9-page typewritten report addressed to "Whom It May Concern," stating it is a "critical analysis of the data contained in [Plaintiff's personnel] file" and "shows a cover up of rape." *See* Compl. attach. 1 [Doc. No. 1-1], p.86. Handwritten additions appear to read on the first page, "Secretary of the Army John McHugh," and on the last page, "Action Requesting (1) Severance pay, (2) Health care, (3) Relief from charges brought by CID, [and] (4) Anything Mr. Secretary sees fit to grant." *Id*. p.94. This document is unsigned and undated, does not show delivery to the Department of the Army (assuming it is the appropriate agency to address the tort claims Plaintiff seeks to pursue), and does not seek a sum certain in damages.

The second narrative is a 4-page typewritten document with additional pages that appear to be computer screen shots of Iowa court records, a conclusion regarding Plaintiff's

9

case and the treatment of female rape victims generally, and a list of references. The document is titled, "Second Challenge to CID Investigation '81133,'" and addressed "To: U.S. Army, Pentagon, Secretary of Defense, Undersecretary of the Army, Undersecretary of the Army for Diversity and Leadership, DODIG, Army IG, Iowa NG, CID Command Quantico, CID Office for Professional Conduct, CID IG." *Id.*, p.95. This document is also unsigned and undated, does not show delivery to any of the officials or agencies listed, and does not request any specific relief.[11]

Even if one could assume these documents were signed and delivered to the named recipients, neither constitutes timely and sufficient notice of the tort claims that Plaintiff now wishes to assert in this action. Both documents challenge the CID investigation and findings regarding the sexual assault case, and the second contains information concerning criminal records of witnesses and the attacker presented to show their lack of credibility. *See id.*, pp.97-98. None of the information provided in these papers serves as notice that the recipients should investigate the conduct of Sen. Ernst and others that allegedly constitute torts of libel and slander, false arrest, and facilitation of rape. *See Trentadue*, 397 F.3d at 852 (administrative claim must provide notice that employing agency should investigate alleged tortfeasors' conduct). Neither document claims a sum certain in damages. Therefore, the Court finds that Plaintiff has failed to establish jurisdiction over her proposed FTCA action against the Federal Defendants. *See Staggs v. United States ex rel. Dep't of Health & Human*

---

[11] Although undated, it appears this document was created in 2014 because the narrative was written "10 years 4 months later" than the subject events, and the screen shots each bear a date of March 31, 2014. *See id.*, pp.97, 99-105.

10

*Servs.*, 425 F.3d 881, 885 (10th Cir. 2005) (FTCA notice requirements "are jurisdictional and cannot be waived"); *accord Trentadue*, 397 F.3d at 852; *Cizek*, 953 F.2d at 1233.[12]

Second, as to Sen. Ernst's status, the Federal Defendants have submitted with their reply brief a copy of an order issued by the Office of the Adjutant General for Iowa dated February 11, 2003, ordering Sen. Ernst to active federal duty under 10 U.S.C. § 12302, and a copy of an order of the Department of the Army releasing Sen. Ernst from active duty on April 8, 2004. Thus, to the extent Plaintiff complains of Sen. Ernst's conduct within the duties of her military office during that time period, Sen. Ernst is entitled to the protection of the federal government's sovereign immunity. Regarding Sen. Ernst's alleged conduct in 2014, however, it is not clear from the current record that Plaintiff's action against Sen. Ernst is barred by the principles of sovereign immunity urged in the Federal Defendants' Motion.[13]

---

[12] Aside from principles of administrative exhaustion, subject matter jurisdiction does not exist for intentional tort claims that fall within FTCA's exception for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h); *see Trentadue*, 397 F.3d at 853-54.

[13] The Court recognizes that "employee of the government" for purposes of the FTCA includes "members of the National Guard while engaged in training or duty under section 115, 316, 502, 503, 504, or 505 of title 32." *See* 28 U.S.C. § 2671. Aside from Sen. Ernst's active military duty in 2003-04, however, her status with the Iowa National Guard is not alleged or otherwise shown by the record.

**B.     Correction of Military Records**

Under certain circumstances, a federal district court may have jurisdiction of an action to correct an individual's military records following an unfavorable decision by a military board, such as the Army Board for Correction of Military Records (ABCMR). *See Smith v. Marsh*, 787 F.2d 510, 512 (10th Cir. 1986) (district court had jurisdiction to review ABCMR's decision not to upgrade plaintiff's military discharge); *see also Blassingame v. Sec'y of Navy*, 811 F.2d 65, 69 (2d Cir. 1987). Because the cause of action is one for review of agency action, it accrues at the time of the agency's decision, *Smith*, 787 F.2d at 511-12, and generally requires the exhaustion of administrative remedies. *See Bard v. Seamans*, 507 F.2d 765, 770 (10th Cir. 1974); *see also Thornton v. Coffey*, 618 F.2d 686, 692 (10th Cir. 1980); *Gorsline v. United States Army Reserve*, No. 93-3209, 1993 WL 525674, *1 (10th Cir. Dec. 21, 1993).[14] However, the object of a plaintiff's suit is critical to the jurisdictional determination. "[E]ven if a complaint does not explicitly seek monetary relief, if the plaintiff's 'primary objective' or 'essential purpose' is to recover money (in an amount in excess of $10,000) from the federal government, then the Court of Federal Claims' exclusive jurisdiction [under the Tucker Act, 28 U.S.C. §§ 1346, 1491] is triggered." *See Burkins v. United States*, 112 F.3d 444, 449 (10th Cir. 1997).[15]

---

[14] Unpublished opinion cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1.

[15] The Federal Circuit has held that exhaustion of administrative remedies is not required before a plaintiff may bring a claim under the Tucker Act for military back pay and affiliated relief. *See Martinez v. United States*, 333 F.3d 1295, 1303-04 (Fed. Cir. 2003).

In this case, it is unclear what is sought by Plaintiff's quest to correct her military records. The Complaint seeks an "upgraded discharge," but Plaintiff does not dispute in her response to the Federal Defendants' Motion that she has already received an upgrade from the Army Discharge Review Board (ADRB). *See* Pl.'s Resp. Br. [Doc. No. 34], p.9. Although Plaintiff apparently remains dissatisfied with parts of her military record, she does not allege or attempt to show she has exhausted her administrative remedies with respect to any outstanding issues. Further, Plaintiff seeks damages via an upgraded discharge of "$85,000; return of rank per removal of Article 15 from upgrade discharge, and back pay." *See* Compl. [Doc. No. 1], p.11. These compensatory claims appear to fall within the exclusive Tucker Act jurisdiction of the United States Court of Federal Claims. *See* 28 U.S.C. § 1491; *see also New Mexico v. Regan*, 745 F.2d 1318, 1322 (10th Cir. 1984) (for claims against the United States seeking greater than $10,000, "the Act vests *exclusive* jurisdiction with the Claims Court") (emphasis in original). Therefore, based on the Complaint, and Plaintiff's failure to sufficiently articulate a cognizable claim regarding her military records, the Court finds that Plaintiff has failed to allege and show subject matter jurisdiction in this Court for such a claim.

**C.   Veteran's Benefits**

By statute, "[t]he Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans. Subject to [certain statutory exceptions], the decision by the Secretary as to any such question shall be final and conclusive and may not be reviewed by

13

any other official or by any court, whether by an action in the nature of mandamus or otherwise." *See* 38 U.S.C. § 511(a). Under the Veterans' Judicial Review Act enacted in 1988, Congress created an Article I tribunal to review decisions of the Board of Veterans Appeals that are adverse to veterans seeking benefits, and further judicial review in these appeals is available only in the Federal Circuit. *See id*. §§ 7252, 7292; *see also Burkins*, 112 F.3d at 447 (describing procedural process for claim regarding veteran's benefits). A federal district court lacks subject matter jurisdiction over a claim for veteran's disability benefits or for review of an administrative decision of the Veterans Administration in an individual case. *See Weaver v. United States*, 98 F.3d 518, 519 (10th Cir. 1996). Thus, Plaintiff fails to establish a basis for this Court to exercise jurisdiction over any claim she may wish to assert regarding her veteran's benefits.

**D.     Civil Rights Violations and Liability Under 42 U.S.C. § 1983**

Any damages claim for a violation of Plaintiff's constitutional rights by a federal officer or employee, as alluded to in the Complaint, must be brought against the individual employee who participated in the alleged violation pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 397 (1971), and its progeny. Because Plaintiff disclaims any intention of suing the Federal Defendants in their individual capacities, the Court finds that the Complaint fails to state a plausible constitutional claim against the Federal Defendants. *See Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005) ("a *Bivens* claim lies against the federal official in his individual capacity – not, as here, against officials in their official capacity"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("In the

limited settings where *Bivens* does apply, the implied cause of action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983.") (internal quotation omitted).

As to Sen. Ernst, Plaintiff argues that wrongful conduct as a state actor (presumably as an officer of the Iowa National Guard) makes Sen. Ernst subject to suit under 42 U.S.C. § 1983. From Plaintiff's statement of intent to bring only an official-capacity suit, however, and her inclusion of Gov. Branstad and Gen. Orr as defendants (without any factual allegation of their personal involvement), it appears that any §1983 claims against Sen. Ernst and other leaders of the Iowa National Guard are aimed at the State of Iowa. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (official-capacity suit is "another way of pleading an action against an entity of which an officer is an agent") (internal quotation omitted); *see also Martinez v. Beggs*, 563 F.3d 1082, 1091 (10th Cir. 2009) (filing suit against public employee in his official capacity "is the same as bringing a suit against the [public employer]").[16] The State of Iowa enjoys Eleventh Amendment immunity from suit in federal court, *Quinnett v. State of Iowa*, 644 F.3d 630, 632-33 (8th Cir. 2011), and it has not waived that immunity for § 1983 claims. *See State v. Sorenson*, 436 N.W.2d 358, 364 (Iowa 1989). Further, a state agency or official is not a "person" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, even under Plaintiff's theory of

---

[16] The same principle applies under state law; it is redundant to sue both a government entity and an officer in his official capacity. *See Pellegrino v. State ex rel. Cameron University*, 63 P. 3d 535, 537 (Okla. 2003).

§ 1983 liability, Sen. Ernst and other Iowa officials are immune from suit, and the Complaint fails to state a plausible claim against them.[17]

**Conclusion**

For these reasons, the Court finds that it lacks subject matter jurisdiction of Plaintiff's action against the Federal Defendants as asserted in the Complaint. The Court further finds, however, that Plaintiff should have an opportunity to file an amended pleading to assert a claim within this Court's jurisdiction, if she can do so in accordance with Fed. R. Civ. P. 11(b).[18] If Plaintiff fails to cure the deficiencies identified in this Order, then the entire action (including claims against defendants sued as officers or employees of the State of Iowa) is subject to dismissal without prejudice to refiling, without further notice to Plaintiff.

IT IS THEREFORE ORDERED that the Federal Defendants' Motion to Dismiss [Doc. No. 31] is GRANTED, as set forth herein. Plaintiff is authorized to file an amended complaint within 14 days from the date of this Order.

IT IS SO ORDERED this  12th  day of November, 2015.

---

[17] The *Feres* doctrine may also bar any individual claims asserted under *Bivens* or § 1983. *See Chappell v. Wallace*, 462 U.S. 296, 304 (1983) (*Bivens*); *United States v. Stanley*, 483 U.S. 669, 684 (1987) (same); *Newton v. Lee*, 677 F.3d 1017, 1025 (10th Cir. 2012) (§ 1983 action against National Guard officers); *Martelon v. Temple*, 747 F.2d 1348, 1351 (10th Cir. 1984) (same).

[18] The parties do not address potential jurisdiction under the Tucker Act, which waives the United States' immunity with respect to specified claims. *See United States v. Mitchell*, 463 U.S. 206, 216-17 (1983) ("the claimant must demonstrate that the source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained"). The Court notes, however, that Plaintiff seeks to recover damages in excess of the jurisdictional limit for district courts established by 28 U.S.C. § 1346(a)(2), and thus, if Plaintiff has a cognizable claim, she might be required to bring an action before the United States Court of Federal Claims. *See* 28 U.S.C. § 1491(a)(1).

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE