IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CHRISTINA D. THUNDATHIL,            )
                                    )
            Plaintiff,              )
                                    )
v.                                  )        Case No. CIV-14-1100-D
                                    )
LORETTA E. LYNCH, U.S. Attorney     )
General, *et al.*,                  )
                                    )
            Defendants.             )

## ORDER

Before the Court is Governor Branstad and the State of Iowa's Motion to Set Aside

and Vacate Default [Doc. No. 76], filed pursuant to Fed. R. Civ. P. 55(c).  Defendants

Governor Terry Branstad and the State of Iowa (collectively, the "Iowa Defendants") seek

relief from the Clerk's Entry of Default [Doc. No. 69], entered February 3, 2016.  The Iowa

Defendants assert they are not in default because they were not properly served with process.

Also before the Court is the *pro se* Motion for Default Judgment [Doc. No. 70] of

Plaintiff Christina D. Thundathil, filed pursuant to Fed. R. Civ. P. 55(b) against the Iowa

Defendants.[1]  The Iowa Defendants have timely opposed Plaintiff's Motion, again asserting

they were not properly served and that Plaintiff is not entitled to a judgment against them by

---

[1] Plaintiff names in her Amended Complaint a defendant identified as "Iowa National Guard,
Governor Branstad, General Timothy Orr as the State of Iowa."  *See* Am. Comp. [Doc. No. 46], p.24 (ECF
page numbering).  Plaintiff's claims against this defendant are apparently based on alleged misconduct by
individual members of the Iowa National Guard and Governor Branstad as its "Commander in Chief."  *See
id.* p.25.  Although not entirely clear, it appears that Plaintiff is suing Terry Branstad in his official capacity
as governor of the State of Iowa.

default or otherwise. They contend this Court lacks subject matter jurisdiction and personal jurisdiction for an action against them, among other things, but they have not moved for dismissal of the action under Rule 12(b). *See* Defs.' Resp. Br. [Doc. No. 77], pp.6,12.

Plaintiff has filed a response to Defendants' Motion, stating that she does not object to granting the Iowa Defendants' Motion and does not wish to pursue a default judgment, although she does not agree with their position regarding insufficient service of process. Plaintiff instead anticipates that the Iowa Defendants will answer her Amended Complaint and present a defense on the merits of her claims. *See* Pl.'s Resp. Br. [Doc. No. 79], p.2.

Upon consideration of the issue of the sufficiency of Plaintiff's service of process on the Iowa Defendants, the Court finds that the Clerk's entry of default should be set aside as improvidently issued. Service of process on the State of Iowa is governed by Fed. R. Civ. P. 4(j)(2), which requires service by: "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by [Iowa] law for serving a summons or like process on such a defendant." Plaintiff has attempted to serve the State of Iowa by sending copies of the summons and the complaint by certified mail addressed to the "Iowa AG Tom Miller" [Doc. No. 24; Doc. No. 54, p.6], "Iowa AG Tim Miller" [Doc. No. 25], "Matt Hinch" or "Matt Hitch" [Doc. No. 26; Doc. No. 59], "State of Iowa" [Doc. No. 52, p.8; Doc. No. 54, p.2; Doc. No. 60], "Matt Hitch for Gov. Brandstan [sic]" [Doc. No. 54, p.5], and "LTC Mike Kuehn, Office of

the AG of Iowa" [Doc. No. 54, p.7], as shown by the cited proofs of service.[2] None of these attempts is legally sufficient. As explained by the Eighth Circuit in 2011, when rejecting a plaintiff's argument that service on the State of Iowa by mail addressed to then-Governor Chester Culver was sufficient:

> Sending a copy of the complaint and summons to Culver by certified mail (along with a request for waiver of service) is not the equivalent of "delivering" those documents as required by Rule 4(j)(2)(A). *Gilliam v. County of Tarrant*, 94 Fed. Appx. 230, 230 (5th Cir. 2004). Nor has [the plaintiff] ]identified any provision of Iowa law establishing that mailing a summons and complaint to the Governor is effective service of process on the State and other state officers. *See* Fed. R. Civ. P. 4(j)(2)(B).

*Yates v. Baldwin*, 633 F.3d 669, 672 (8th Cir. 2011); *see Gilliam v. Cty. of Tarrant*, 94 F. App'x 230, 230 (5th Cir. 2004) ("certified mail is not sufficient to constitute 'delivering' under Rule 4") (citing *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)). Accordingly, the court of appeals in *Yates* affirmed the dismissal for lack of service of Iowa officials whom the plaintiff had attempted to serve in this way, other than the governor who had been served under former Rule 4(d), now Rule 4(e).

Similarly here, the Court finds that Plaintiff has not properly served the State of Iowa or other Iowa officials under Rule 4(j)(2). Plaintiff also has not properly served Governor Terry Branstad; she has made no filing that shows compliance with the requirements of

---

[2] From publicly available records, it appears that Matt Hinch was Governor Branstad's chief of staff until 2015. *See* https://governor.iowa.gov/2015/07/matt-hinch-departing-as-branstad-reynolds-chief-of-staff. "LTC Mike Kuehn" may refer to former Lieutenant Colonel Michael Kuehn, an attorney with the Iowa National Guard. *See* http://www.leadershipdirectories.com/profiles/Michael-Kuehn-Sr-Military-Attorney-Iowa-Air-National-Guard-.htm.

Rule 4(e) for service of an individual.[3]  Therefore, Defendants' Motion should be granted, and Plaintiff's Motion should be denied.[4]

IT IS THEREFORE ORDERED that Plaintiff's Motion for Default Judgment [Doc. No. 70] is DENIED and that Governor Branstad and the State of Iowa's Motion to Set Aside and Vacate Default [Doc. No. 76] is GRANTED.  The Clerk's Entry of Default [Doc. No. 69] is hereby VACATED.

IT IS FURTHER ORDERED that Plaintiff is directed to show cause not later than May 1, 2016, why her action against the State of Iowa or Governor Terry Branstad should not be dismissed pursuant to Fed. R. Civ. P. 4(m) for lack of timely service of process.

IT IS SO ORDERED this 13th day of April, 2016.


_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3]  To the extent Plaintiff seeks to rely on Rule 4(e)(1) and Oklahoma law regarding service, mailings to persons other than Governor Branstad are insufficient to effect service on him.  *See Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 802 (10th Cir. 2008) ("Because [plaintiff's] attempted service by mail was accepted by an unauthorized person, it did not substantially comply with the statute and was invalid.").

[4]  The Court notes that Plaintiff was granted discretionary status under 28 U.S.C. § 1915 to pay the filing fee in installments.  *See* Order of Oct. 16, 2014 [Doc. No. 3].  As an indigent, Plaintiff may have been entitled to service of process by the United States Marshals Service.  *See* 28 U.S.C. § 1915(d).  However, Plaintiff apparently did not request assistance with service, nor submit the necessary forms for such service.