IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTINA D. THUNDATHIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-1100-D |
| | ) | |
| LORETTA E. LYNCH, U.S. Attorney General, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

By Order of April 13, 2016, the Court vacated the Clerk's Entry of Default as to the State of Iowa and Governor Terry Branstad because they were not properly served with process, and directed Plaintiff to show cause why her action against these defendants should not be dismissed pursuant to Fed. R. Civ. P. 4(m). Plaintiff filed a timely *pro se* response [Doc. No. 86] and, through counsel, has now filed a supplemental response [Doc. No. 99]. Plaintiff explains her lack of timely service as a result of her *pro se* status and the complexity of service under Fed. R. Civ. P. 4(j), and she requests additional time to properly serve the State of Iowa. Plaintiff makes no excuse for her failure to attempt personal service on Governor Branstad, but confirms he is a defendant "as the State of Iowa." *See* Pl.'s Suppl. Resp. [Doc. No. 99], p.1. Thus, the Court understands that Governor Branstad is sued only in his official capacity, as a state officer. *See* 4/13/16 Order [Doc. No. 84], p.1,n.1.[1]

---

[1] Under federal law, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013).

Upon consideration, the Court finds that Plaintiff has not shown good cause for her failure to effect service of process on the State of Iowa or Governor Branstad during the period of more than 18 months that the case has been pending.[2] The court of appeals has not conclusively defined "good cause" for purposes of Rule 4, but has determined that the phrase should be read narrowly and "requires a greater showing than 'excusable neglect.'" *See Broitman v. Kirkland* (*In re Kirkland*), 86 F.3d 172, 175 (10th Cir. 1996); *see also Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994) ("[T]he 'good cause' provision of [Rule 4(m)] should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule.") (internal quotation omitted). Plaintiff states no reason other than her lack of legal knowledge or training why she has made no effort to serve Governor Branstad personally or to cure her improper service of the State of Iowa, despite being informed of deficiencies in her prior efforts. The court of appeals has held that "advertence or mistake of counsel or ignorance of the rules" is insufficient. *See Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987); *see also Kirkland*, 86 F.3d at 176; *Jones v. Frank*, 973 F.2d 872, 873-74 (10th Cir. 1992) ("we cannot sanction Plaintiff's complete failure to correct his service defects after being told what was wrong").

The question thus becomes whether the Court should exercise its discretion under Rule 4(m) to grant additional time for service. *See Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995) ("If the plaintiff fails to show good cause, the district court must still

---

[2] The Clerk was directed not to issue process until Plaintiff had paid the initial partial filing fee. *See* 10/16/14 Order [Doc. No. 3], p.2. The initial payment was made November 3, 2014.

consider whether a permissive extension of time may be warranted."). The Tenth Circuit has identified "several factors [that] should guide the district court" in the exercise of its discretion. *See id*. at 842. Under the circumstances presented here – where Plaintiff has been proceeding *pro se* until now, no deadlines have been set, and the State of Iowa previously received actual notice of the suit – the Court finds that Plaintiff should be granted a brief period of additional time to serve the State of Iowa and Governor Branstad.

IT IS THEREFORE ORDERED that Plaintiff is authorized to effect proper service of process on the State of Iowa and Governor Branstad within 14 days from the date of this Order. Failure to comply with this Order will cause her action against the State of Iowa and its officials to be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

IT IS SO ORDERED this 2nd day of June, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE