IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CHRISTINA D. THUNDATHIL, )
)
    Plaintiff, )
)
v. ) Case No. CIV-14-1100-D
)
LORETTA E. LYNCH, U.S. Attorney )
General, *et al.*, )
)
    Defendants. )

**O R D E R**

Before the Court are the Federal Defendants' Motion to Dismiss [Doc. No. 61] and Plaintiff's Motion to Transfer [Doc. No. 65]. The moving defendants, as identified in Plaintiff's current pleading, are: Joni Ernst; Jason T. Leoffler;[1] the United States Army; the Army's Criminal Investigation Command (commonly known as CID); and the Department of Defense. *See* First Am. Compl. [Doc. No. 46], p.24 (ECF page numbering).[2] Although not clearly stated in the Federal Defendants' Motion, the moving defendants are named in the docketing entry for the electronic filing, and the Court understands from prior motions and briefs that the individual defendants are considered to be "Federal Defendants" and join in the Motion because they were acting as officers or employees of a federal agency or

---

[1] Defendants state the correct spelling is "Loeffler," but the Court retains the spelling utilized in Plaintiff's pleading for purposes of this Order.

[2] These institutional defendants were sued through official capacity actions against Secretary of the Army John M. McHugh, CID Commanding General Mark S. Inch, and Secretary of Defense Chuck Hagel. *See* Order of Nov. 12, 2015 [Doc. No. 45], pp.1-2, 7 & n.2.

department at relevant times.[3]  Plaintiff's original Complaint was dismissed and has been replaced by the First Amended Complaint, which supersedes the original.  *See* Order of Nov. 12, 2015 [Doc. No. 45], p.16 (hereafter "November Order") (granting motion to dismiss and authorizing amendment).[4]  Thus, Plaintiff has abandoned her action against all Federal Defendants not named in her current pleading.[5]  Other defendants named in the First Amended Complaint, referred to collectively as the "Iowa Defendants," have been dismissed on Plaintiff's motion for voluntary dismissal.  *See* Order of Sept. 7, 2016 [Doc. No. 112].[6]

Plaintiff Christina Thundathil has responded in opposition to the Federal Defendants' Motion, and has filed her own Motion requesting a transfer of venue for some claims to the United States Court of Federal Claims.  Plaintiff's Motion was apparently prompted by statements in the November Order and the Federal Defendants' Motion regarding jurisdiction for claims governed by the Tucker Act, 28 U.S.C. §§ 1346, 1491.  *See* November Order,

---

[3] Defendant Joni Ernst's alleged misconduct began while she was a lieutenant colonel of the Iowa National Guard on active military duty for the Army.  *See* Order of Nov. 12, 2015 [Doc. No. 45], p.8.  She later was elected and now serves as a United States Senator.  Although unclear from the First Amended Complaint, Plaintiff appears to be complaining, in part, that Sen. Ernst made false statements about Plaintiff based on information provided to her by the Army.

[4] "[I]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect."  *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) (internal quotation omitted); *see Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1180-81 (10th Cir. 2015); *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007); *Callahan v. Poppell*, 471 F.3d 1155, 1161 (10th Cir. 2006).

[5] These defendants are Thomas Hawley, Deputy Undersecretary of the Army; Larry Stubblefield, Deputy Assistant Secretary of the Army for Diversity and Leadership; Attorney General Loretta E. Lynch (substituted for Eric Holder, as head of the Department of Justice); James B. Comey, Director of the Federal Bureau of Investigation; and Frank J. Grass, Chief of the National Guard Bureau.  Plaintiff states that she intentionally omitted "DOJ and FBI" from her amended pleading.  *See* First Am. Compl. [Doc. No. 46], p.24.

[6] These defendants are the State of Iowa, Governor Terry Branstad, Major General Timothy Orr, and the Iowa National Guard.

pp.12-13 & p.16, n.18; Fed. Defs.' Mot. Dismiss [Doc. No. 61], p.8. The Federal Defendants have responded in opposition to Plaintiff's Motion, arguing that a transfer would be improper and would not cure the defects in Plaintiff's case.

Plaintiff's Motion and briefs, as well as her First Amended Complaint, were filed while she was appearing *pro se*. She later retained counsel to represent her in this action. Plaintiff's attorney was admitted to practice *pro hac vice* in May 2016, obtained authorization in June 2016 to complete service of process on the Iowa Defendants, and has made numerous filings on Plaintiff's behalf since entering his appearance. He has not, however, requested supplemental briefing regarding the instant Motions nor sought leave to further amend Plaintiff's pleading. Because the Motions have been fully briefed for some time, the Court proceeds to rule on the Motions.

**Plaintiffs' Allegations**

The First Amended Complaint contains a litany of allegations spanning 31 pages, and includes references to Plaintiff's original Complaint and parts of its voluminous attachments. Plaintiff provides a chronology of events related to her claims that she was treated unfairly, falsely accused of misconduct, and retaliated against during her active military service in the Army from 2002 until 2004. According to her pleading, Plaintiff's problems began soon after she was deployed to Iraq in 2003 from her duty station in Germany, and continued until she was discharged from the Army following a sexual assault that occurred in Kuwait on January 1, 2004. Plaintiff promptly reported the alleged rape to Army officials, and her report was investigated by CID Special Agent Jason Leoffler. Plaintiff alleges that Agent

Leoffler failed to conduct an adequate investigation and later coerced her into changing a sworn statement, which resulted in charges against her under Article 15 of the Uniform Code of Military Justice, 10 U.S.C. § 815, for swearing to a false statement and making a false report.[7] Plaintiff's attacker and witnesses to the assault were members of the Iowa National Guard serving under Sen. Ernst's command. Plaintiff faults Sen. Ernst for the Army's failure to charge the attacker with rape and for later minimizing her role in the investigation.

Plaintiff also complains about events that occurred years later, after she undertook her own investigation into the sexual assault and began efforts to remove the related Article 15 from her record.[8] Plaintiff states she was successful with respect to only one of the charges; "the more serious charge of making a false report remained unchanged." *See* First Am. Compl. [Doc. No. 46], ¶ 51. Plaintiff believes she has uncovered information that shows CID mishandled her case and that Sen. Ernst "was in fact more involved [than] what she let on to the Plaintiff." *Id*. ¶ 55. Plaintiff allegedly was encouraged by some Pentagon officials to pursue her efforts to reopen the 2004 case, and was led to believe in 2014 that CID might take further action. Plaintiff claims, however, that the "Department of Defense officials lied to her" and the Army's "official position" as finally stated to her was that it would not

---

[7] Article 15 authorizes nonjudicial punishment for minor disciplinary offenses; it permits a commander to decide the question of guilt and to assess lesser punishments than can be imposed through a court-martial proceeding.

[8] Plaintiff alleges that her memory of events was impaired by a traumatic brain injury she received from an explosion in Iraq in June 2003 and by emotional trauma from the rape and surrounding circumstances.

4

recognize her injuries or her rape and "her upgraded discharge was a mistake" based only on a procedural "technicality." *Id*. ¶¶ 61-62.

Plaintiff enumerates on pages 22 and 23 of the First Amended Complaint, five legal bases of recovery: In the first two paragraphs, Plaintiff refers to the Civil Rights Act of 1991 for a "suit under discrimination based on retaliation," and *University of Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517 (2013), regarding "unlawful retaliation." *See* First Am. Compl. [Doc. No. 46], p.22. The remaining paragraphs refer to: *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for an action against individual federal officers whose conduct violated the Constitution; the Privacy Act of 1974, 5 U.S.C. § 552a; and 42 U.S.C. § 1983. Plaintiff's § 1983 action is directed at the dismissed Iowa Defendants, and has no application to the Federal Defendants. *See Dry v. United States*, 235 F.3d 1249, 1255-56 (10th Cir. 2000). Regarding *Bivens*, Plaintiff argues that her First Amendment rights were violated. *See* First Am. Compl. [Doc. No. 46], p.26.[9]

Plaintiff seeks the following specific relief against the Federal Defendants, as stated in the First Amended Complaint:

1. The main request is to fix the records. Unfound making a false statement.
2. Damages against Senator Joni Ernst for her conduct[.]

---

[9] Plaintiff cites four jurisdictional statutes: 28 U.S.C. §§ 1331, 1332, 1346 and 1357. *See id*. p.21. Her pleading contains no allegations to establish diversity of citizenship under § 1332, and neither the United States nor the State of Iowa is a citizen of any state. *See Moor v. Alameda Cty.*, 411 U.S. 693, 717 (1973). Section 1357 has no apparent application "because it is limited to revenue cases and voting rights cases." *City of Albuquerque v. U.S. Dep't of Interior*, 379 F.3d 901, 906 n.1 (10th Cir. 2004). The general federal question statute, § 1331, does not waive the government's sovereign immunity. *See Merida Delgado v. Gonzales*, 472 F.3d 1242, 1244 (10th Cir. 2007).

3. Letter of apology from Army and Department of Defense for not handling the Plaintiff['s] case properly according to regulations.
4. Damages against the State of Iowa . . . .
5. Damages against former SA Jason T. Leoffler for false arrest.

*Id*. p.29.

## Defendants' Motion

The Federal Defendants assert that the Court lacks subject matter jurisdiction due to Plaintiff's failure to establish a waiver of sovereign immunity. Specifically, the Federal Defendants assert: 1) claims related to Plaintiff's military service are barred by the *Feres* doctrine, which precludes liability "for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service," *United States v. Feres*, 340 U.S. 135, 146 (1950); 2) any claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), and 2671-80, is barred by Plaintiff's failure to exhaust administrative remedies and to pursue a tort claim in a timely manner; 3) Plaintiff has failed to exhaust administrative remedies required to modify her military record or obtain relief under the Privacy Act;[10] and 4) Plaintiff has failed to exhaust any Title VII claim of discrimination or retaliation. The Federal Defendants also assert that Plaintiff fails to state a plausible claim for relief based on any legal theory suggested by the First Amended Complaint.[11]

---

[10] The latter contention is argued in the Federal Defendants' Reply Brief, in response to Plaintiff's contention that they failed to address her Privacy Act claim.

[11] Sen. Ernst and Agent Leoffler also argue they should be dismissed for lack of proper service of process. However, they do not move for dismissal under Fed. R. Civ. P. 12(b)(5), or present sufficient argument to warrant dismissal. A defense under Rule 12(b)(5) is waived by omitting it from a Rule 12(b) motion. *See* Fed. R. Civ. P. 12(h)(1).

**Standards of Decision**

The standards of decision governing the Federal Defendants' Motion are set forth in the November Order and need not be repeated here. Plaintiff's Motion implicates several federal transfer statutes: 28 U.S.C. § 1404 authorizes a permissive transfer of venue; 28 U.S.C. § 1406 authorizes a transfer to cure a defect in venue; and 28 U.S.C. § 1631 authorizes a transfer to cure a lack of jurisdiction. Plaintiff cites none of these statutes, and the Federal Defendants do not address the procedural issue. Liberally construing Plaintiff's *pro se* filing, the Court understands from the timing of her Motion (filed simultaneously with her response to Defendants' Motion) and the substance of her request (to transfer "Tucker Act" claims) that Plaintiff seeks a transfer of venue as an alternative to dismissal if the Court should find that the First Amended Complaint states a claim governed by the Tucker Act for which exclusive jurisdiction lies in the Court of Federal Claims, as discussed in the November Order. Section 1631 governs this request.

Section 1631 directs a district court to transfer a civil action whenever the "court finds that there is a want of jurisdiction, . . . if it is in the interest of justice." 28 U.S.C. § 1631. A transfer can be made to "any other such court in which the action . . . could have been brought at the time it was filed." *Id*. The court of appeals has "interpreted the phrase 'if it is in the interest of justice' to grant the district court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice." *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006). The court has also identified relevant factors for consideration. *See id.* at 1223 n.16; *see also In re Cline*, 531 F.3d 1249, 1251 (10th Cir.

2008); *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000). Of course, the Court will reach these considerations only if it finds a jurisdictional defect in Plaintiff's suit.

## Discussion

**A.  Sovereign Immunity**

As previously explained in the November Order, the law is well established that the United States – including its agencies, departments, and officers performing their official duties – enjoys sovereign immunity unless it consents to be sued. In her previous arguments on this point, Plaintiff urged the Court to permit her action to proceed as an action against the United States under the FTCA. Because the First Amended Complaint and Plaintiff's current briefs lack any reference to the FTCA, and Plaintiff now seeks no damages from the United States, the Court understands that Plaintiff has elected not to pursue any tort claim.

In any event, the Court previously determined that "Plaintiff has failed to show the jurisdictional prerequisites to suit under the FTCA are satisfied." *See* November Order [Doc. No. 45], p.9. The First Amended Complaint contains no new or different factual allegations that would alter this conclusion, or demonstrate that Plaintiff exhausted the administrative process for any tort claim.[12] Further, except for an introductory paragraph stating that "[t]he named defendants did slander her [and] libeled her" and a request for damages for "false arrest" (*see* First Am. Compl. [Doc. No. 46], pp.2,29), the First Amended Complaint gives no notice – much less fair notice as required by Rule 8(a) – that a tort claim is asserted. Such

---

[12] To the contrary, the Court's finding is bolstered by recent case authority reaffirming that exhaustion requires the filing of a sufficient administrative claim for the tort theory later asserted. *See Lopez v. United States*, 823 F.3d 970, 976-77 (10th Cir. 2016).

8

torts would implicate the FTCA's intentional tort exception, 28 U.S.C. § 2680(h). *See Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 853-54 (10th Cir. 2005).

For the reasons stated herein and in the November Order, the Court finds that Plaintiff has not established subject matter jurisdiction for a tort action against the Federal Defendants.[13]

**B.     Civil Rights Act of 1991 and *Nassar***

Although not entirely clear, Plaintiff's references to the Civil Rights Act of 1991 and the Supreme Court's decision in *Nassar* suggest the assertion of a Title VII claim of gender discrimination or retaliation.[14] The Tenth Circuit has clearly held that Title VII is inapplicable to members of the armed forces. *See Salazar v. Heckler*, 787 F.2d 527, 530 (10th Cir. 1986); *Gonzalez v. U.S. Air Force*, 88 F. App'x 371, 373 (10th Cir. 2004) (unpublished).[15] Other federal appellate courts and the EEOC unanimously agree with this reading of the statute.[16] Therefore, Plaintiff has no Title VII claim of gender discrimination or retaliation against the Federal Defendants.

---

[13]  Sen. Ernst and Agent Leoffler in their individual capacities are not proper defendants in an FTCA action. *See Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009).

[14]  The Civil Rights Act of 1991 made numerous statutory amendments, but among them, it "create[d] a right to recover compensatory and punitive damages for certain violations of Title VII of the Civil Rights Act of 1964" and a right to "demand a trial by jury if such damages are sought." *Landgraf v. USI Film Prod.*, 511 U.S. 244, 247 (1994). The Court in *Nassar*, 133 S. Ct. 2533, held that "Title VII retaliation claims must be proved according to traditional principles of but-for causation."

[15]  Unpublished opinion cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1.

[16]  *See Brown v. United States*, 227 F.3d 295, 298 (5th Cir. 2000); *Randall v. United States*, 95 F.3d 339, 343 (4th Cir. 1996); *Roper v. Dep't of Army*, 832 F.2d 247, 248 (2d Cir.1987); *Stinson v. Hornsby*, 821 F.2d 1537, 1539-40 (11th Cir. 1987); *Gonzalez v. Dep't of Army*, 718 F.2d 926, 928-29 (9th Cir.1983); *Johnson v. Alexander*, 572 F.2d 1219, 1224 (8th Cir. 1978); 29 C.F.R. § 1614.103(d)(1)

C.  **Civil Rights Violations and Individual Liability Under *Bivens***

A claim for damages caused by a violation of Plaintiff's constitutional rights may be brought pursuant to *Bivens* against an individual federal officer who participated in the alleged violation.[17] In the First Amended Complaint, Plaintiff appears to assert *Bivens* claims against Sen. Ernst and Agent Leoffler for violation of her First Amendment rights. Liberally construing her *pro se* allegations and arguments, the Court understands that Plaintiff claims to have suffered retaliation because she accused a fellow service member of rape. Plaintiff also claims Agent Leoffler caused her false arrest; she argues that he lacked probable cause for initiating Article 15 charges. *See* Pl.'s Resp. Br. [Doc. No. 64], pp.4-5. In argument, Plaintiff also suggests a violation of the "due process clause." *Id*. p.3.

Similar to the *Feres* doctrine under the FTCA, the Supreme Court has held that a member of the armed services has no right of action under *Bivens* against superior officers for alleged constitutional violations, *see Chappell v. Wallace*, 462 U.S. 296, 304 (1983); nor against others whose conduct was incident to military service. *See United States v. Stanley*, 483 U.S. 669, 684 (1987) ("no *Bivens* remedy is available for injuries that 'arise out of or are in the course of activity incident to service'") (quoting *Feres*, 340 U.S. at 146). Notably, in a *Bivens* action brought by female soldiers against high-ranking military officials regarding alleged mishandling of sexual assault cases and retaliatory treatment of victims, a dismissal was affirmed by the court of appeals for reasons that seem equally applicable here:

---

[17] No *Bivens* claim is available against the Army, CID, or the Department of Defense. *See Smith*, 561 F.3d at 1109; *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001).

> Plaintiffs' suit invites a civilian court to adjudicate, for example, whether it was proper for the defendants to permit felons to serve in the military, commanders to use nonjudicial punishment on offenders, offenders to be honorably discharged, and military (rather than civilian) authorities to investigate and prosecute sexual assaults. This is precisely the kind of "judicial inquiry into, and hence intrusion upon, military matters" that the Supreme Court disavowed in *Stanley*.

*Klay v. Panetta*, 758 F.3d 369, 375 (D.C. Cir. 2014); *accord Cioca v. Rumsfeld*, 720 F.3d 505, 514-15 (4th Cir. 2013).

In this case, Plaintiff claims Agent Leoffler's investigation of her sexual assault was inadequate by civilian standards, resulted in her "false arrest" without probable cause to believe she had committed an offense, and resulted in nonjudicial punishment because she complained of rape. She claims Sen. Ernst chose to believe male service members with criminal records, punished her attacker only for alcohol use, and enabled him to later retire with full benefits. Plaintiff's *Bivens* claims for damages based on these allegations are barred under *Stanley*.[18]

For these reasons, the Court finds that Plaintiff has no *Bivens* action against the Federal Defendants.

---

[18] To the extent Plaintiff complains of later conduct by Sen. Ernst in response to inquiries about Plaintiff's case, the Court can discern no constitutional right implicated by Plaintiff's allegations or any basis for a *Bivens* action, which "must be based on 'constitutional violations committed by federal agents in the performance of their official duties.'" *Arocho v. Nafziger*, 367 F. App'x 942, 948 (10th Cir. 2010) (quoting *Farmer*, 275 F.3d at 960 n.4); *see Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000) (*Bivens* provides "a cause of action against a federal official in his individual capacity for damages arising out of the official's violation of the United States Constitution under color of federal law or authority").

**D. Privacy Act Claims**

The Privacy Act of 1974, 5 U.S.C. § 552a, governs the federal government's collection and dissemination of information, and maintenance of records. It "generally allows individuals to gain access to government records on them and to request correction of inaccurate records." *Gowan v. U.S. Dep't of Air Force*, 148 F.3d 1182, 1187 (10th Cir. 1998). "The Privacy Act provides four causes of action" set out in § 552a(g)(1). *Id.* at 1187. Plaintiff cites this general provision in her pleading without identifying the nature of her claim. Liberally construing Plaintiff's allegations and arguments, she appears to assert the type of claim provided by § 552a(g)(1)(A), in that she complains of the Army's failure to review the denial of her request to amend her military record;[19] and by § 552a(g)(1)(D), in that she alleges the Army violated the prohibition of § 552a(b) against disclosing a person's record without her consent.

Plaintiff correctly states that the Court has jurisdiction to hear an action against the Army under the Privacy Act, which governs federal military departments. *See* 5 U.S.C. § 552a(a)(1) (adopting "agency" definition from Freedom of Information Act, 5 U.S.C. § 552(f)(1)). However, Plaintiff fails to recognize the limitations of her Privacy Act theories.

First, regarding an amendment of her military record, the Privacy Act authorizes agencies to promulgate rules for considering and determining an individual's request to amend a record. The Army Privacy Act Program appears in Part 505 of Title 32 of the Code

---

[19] Plaintiff argues that the Army violated § 552a(d) in other respects, but only a civil action for a violation of § 552a(d)(3) is authorized by § 522a(g)(1)(A). *See Gowan*, 148 F.3d at 1187-88.

of Federal Regulations, and the specific rule regarding amendment of records is Section 505.6. This section establishes the standard governing an individual's request to amend his or her nonexempt records, as pertinent here, "is that the records are inaccurate as a matter of fact rather than judgment." 32 C.F.R. § 505.6(a)(2). "Amendment procedures are not intended to permit individuals to challenge events in records that have actually occurred." *Id*. § 505.6(a)(4). "Under the amendment provisions, an individual may not challenge the merits of an adverse determination." *Id*. § 505.6(b)(4). Further, CID reports, Inspector General investigative and complaint files, and certain other records "have been exempted from the amendment provisions of the Privacy Act." *See id*. § 505.6(b)(5), (7), (8). Importantly, the regulation establishes procedures for proper amendment requests, which must begin with a written request to the appropriate custodian or system manager of the records. *See id*. § 505.6(c)(1). Plaintiff alleges no facts to show that she ever initiated a Privacy Act request to amend her military record or that her request falls within the purview of the Privacy Act. Nor does Plaintiff allege, as pointed out by the Federal Defendants, that she exhausted the administrative process for a Privacy Act claim.

Regarding an alleged disclosure of a record to Sen. Ernst, Plaintiff cites generally to the conditions of disclosure provided by § 552a(b) of the Privacy Act. However, the Army Privacy Act Program also regulates the disclosure of personal information in its system of records, including disclosures to other agencies and third parties. *See* 32 C.F.R. § 505.7. In addition to twelve Privacy Act exceptions that permit disclosure, the Army program provides additional exceptions, including a "major exception" known as the "routine use" exception.

*See id*. § 505.7(a)(1)(iii), (*i*)(1). In this case, Plaintiff complains that her military record was disclosed to Sen. Ernst, but she does not identify the record allegedly disclosed or the circumstances of the disclosure, except to argue that Sen. Ernst received a copy of the Army's decision to remove Plaintiff's Article 15 offense of false swearing. Plaintiff alleges that Sen. Ernst "was on the . . . 'Distribution List' which is on page 150 of the 200 that the Plaintiff filed." *See* First Am. Compl. [Doc. No. 46], p.26. This citation refers to the evidentiary materials attached to Plaintiff's original Complaint.

Upon examination of the cited document, the Court finds only a list of commanders, identified by position, who received a copy of an Army memorandum dated June 17, 2011, regarding a CID report. The memorandum is marked: "FOR OFFICIAL USE ONLY – LAW ENFORCEMENT SENSITIVE." *See* Compl. attach. 1 [Doc. No. 1-1], pp.147-50. Plaintiff thus does not allege a disclosure of a nonexempt record regarding her to a person outside the Army. Further, Plaintiff appears to complain about an additional disclosure of information to Sen. Ernst in 2011 that she had already received in performing her duties during active military service in 2004. "A later release of information previously known does not violate the Privacy Act." *Kline v. Dep't of Health & Human Serv.*, 927 F.2d 522, 524 (10th Cir. 1991); *see Gowan*, 148 F.3d at 1194.

For these reasons, the Court finds that Plaintiff has failed to state a plausible Privacy Act claim on which relief can be granted against the Federal Defendants.[20]

---

[20] Only the Army is a proper defendant in a Privacy Act action. *See* 5 U.S.C. § 552a(g)(1).

### E. Other Actions to Correct Military Records

As previously discussed in the November Order, a federal district court may have jurisdiction to review an adverse decision of a military board, such as the Army Board for Correction of Military Records (ABCMR), under certain circumstances. *See* November Order, p.12. And where a plaintiff's primary objective is to recover monetary compensation, the Tucker Act may provide a remedy. *See id*. Despite the Court's explanation of these avenues of relief, it appears that Plaintiff has elected not to pursue either type of action in the First Amended Complaint. Plaintiff does not identify any final decision of the ABCMR for which judicial review is sought, nor does she articulate any basis for monetary compensation from the Army. The Court therefore finds no other cognizable claim regarding Plaintiff's military records on which she can proceed under the First Amended Complaint.[21]

### Conclusion

For these reasons, the Court finds that it lacks subject matter jurisdiction of Plaintiff's action against the Army, CID, and the Department of Defense except under the Privacy Act, and that the First Amended Complaint otherwise fails to state a plausible claim against any of the Federal Defendants. The Court further finds that this action should be dismissed without prejudice as to the Federal Defendants.[22]

---

[21] To the extent Plaintiff may still pursue an administrative remedy before the ABCMR, however, the Court finds that a dismissal without prejudice to refiling a claim to correct her military record is appropriate.

[22] A dismissal for lack of jurisdiction must be without prejudice. *See Abernathy v. Wandes*, 713 F.3d 538, 558 (10th Cir. 2013); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).

IT IS THEREFORE ORDERED that the Federal Defendants' Motion to Dismiss [Doc. No. 61] is GRANTED, as set forth herein. Plaintiff's Motion to Transfer [Doc. No. 65] is DENIED as moot. The Federal Defendants, including Sen. Ernst and Agent Leoffler, are entitled to dismissal of this action without prejudice to refiling. Because this Order disposes of all remaining parties and claims, a separate judgment of dismissal shall be entered.

IT IS SO ORDERED this 29th day of September, 2016.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE